■ KRATTER CORPORATION, Plaintiff, v. SAMUEL GRAD et al., Defendants. SAMUEL GRAD, Defendant and Third-Party Plaintiff-Appellant, v. HOME TITLE GUARANTY COMPANY, Third-Party Defendant-Respondent.— Order, entered on December 4, 1962, granting third-party defendant's motion to dismiss the third-party complaint for legal insufficiency, unanimously affirmed, without costs, but without prejudice to any action the third-party plaintiff may be advised to institute against the third-party defendant. Concur — Rabin, J. P., Stevens, Eager, Bergan and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHAIM LUKOWSKI, Appellant.— Judgment of a Court of Special Sessions of the City of New York, New York County, held by a City Magistrate of the City of New York, rendered on May 18, 1962, convicting defendant of violating the New York City Health Code, unanimously reversed on the law and the cause remanded for further proceedings in view of the holding in *People* v. *Mallay* (14 A D 2d 761). Concur — Botein, P. J., Stevens, Steuer, Bergan and Bastow, JJ.

## (June 20, 1963)

■ LEO A. LARKIN, as Corporation Counsel of the City of New York, Appellant, v. G. I. DISTRIBUTORS, INC., Respondent.

APPEAL from a judgment of the Supreme Court in favor of defendant, entered January 12, 1962, in New York County, upon a decision of the court at a Special and Trial Term, without a jury.

Judgment in favor of defendant, entered January 12, 1962, affirmed.

McNALLY, J. (dissenting). The complaint seeks an injunction under section 22-a of the Code of Criminal Procedure against distribution by defendant of so-called "girlie" magazines. Subdivision 1 of section 22-a authorizes the Corporation Counsel of a city to maintain an action for injunction against a person, firm or corporation which distributes or has in his or its possession with intent to distribute "any * * * magazine * * * which is obscene, lewd, lascivious, filthy, indecent or disgusting".

Plaintiff limits this appeal to 6 of the 13 magazines against which the injunction was sought. The sole question is whether the said magazines are obscene within the meaning of section 22-a.

The testimony at the trial related largely to the application of the test for criminal obscenity enunciated in *Roth* v. *United States* (354 U. S. 476, 489). The test is whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals solely to prurient interests.

All six magazines focus upon the abnormal and morbid urge for erotic photographs. The photographs are degrading to those who pose, derogate normal sex and insult the human spirit. In addition, they depict "dirt for dirt's sake" with crude and salacious writings, suggest perversions and advertise erotic materials. The magazines as a whole constitute hard-core pornography, are deliberately corruptive of and offensive to human decency. (*People* v. *Richmond County News*, 9 N Y 2d 578, 587.)

Accordingly, I dissent and vote to reverse and grant plaintiff the relief requested in the complaint as to the said six magazines.

Botein, P. J., Breitel, Rabin and Stevens, JJ., concur in decision; McNally, J., dissents in opinion.

Judgment in favor of defendant, entered January 12, 1962, affirmed, without costs, on the opinion of Mr. Justice COLEMAN at a Special and Trial Term.